Opinión concurrente emitida por el
Juez Asociado Señor Rivera García, al que se une la Jueza Asociada Señora Pabón Charneco.
Concurro con el resultado alcanzado en la opinión que antecede en la medida que, desde el momento en que el Sr. Edwin Méndez Pérez acudió en revisión ante este Tribunal, este ya había cumplido en prisión un periodo de tiempo mayor a la pena de seis meses impuesta por el Tribunal de Primera Instancia en su sentencia condenatoria. Por lo tanto, no hay duda de que debemos confirmar la orden de excarcelación dictada por esta Curia el 5 de junio de 2015 y ordenar la eliminación de cualquier restricción a la libertad impuesta por esa orden.
Ahora bien, muy respetuosamente entiendo que este resultado debió emitirse en una Sentencia, no mediante una opinión del Tribunal, la cual establece un precedente normativo innecesario que carece de los hechos pertinentes y oportunos para su adopción. Nótese que hoy una mayoría de este Tribunal resuelve que, según la Regla 182 de Procedimiento Criminal, 34 LPRA Ap. II, el periodo que un acusado sumariado pasa internado en una institución psiquiátrica recibiendo tratamiento médico, luego de una determinación de no procesabilidad, debe descontarse de la sentencia que finalmente imponga el Tribunal.
De esta manera, concluyen que estar internado en Psiquiatría Forense, por ejemplo, equivale a una privación de *795 la libertad para efectos de la referida regla. Más allá del genuino debate que una afirmación como esa puede provocar —e independientemente del respetable criterio que tenga cada uno de mis compañeros y compañeras sobre el particular— el problema con esta interpretación extensiva de lo que constituye “privación a la libertad” es que del expediente no surge que el señor Méndez Pérez fuera, en efecto, trasladado e ingresado a hospital psiquiátrico alguno. Véase Opinión, pág. 784 esc. 2.
En ese contexto, una mayoría del Tribunal está adoptando una normativa concerniente al concepto “privación a la libertad” y sus implicaciones frente a una reclusión en un hospital psiquiátrico, a pesar de que de los hechos del caso de epígrafe no surge que este fue ingresado en alguna institución de esta naturaleza. Por el contrario, lo que sí surge del expediente es que estuvo en prisión en todo momento hasta el día que le dictaron sentencia. De hecho, así lo reconoció el señor Méndez Pérez en sus respectivas comparecencias e, incluso, el propio Ministerio Público al allanarse a la solicitud de excarcelación presentada por este.
Así las cosas, el cuadro fáctico ante nuestra consideración se limita a una persona que fue ingresada en prisión por no pagar fianza y permaneció en prisión hasta el momento que se le dictó la sentencia, independientemente de que hubo un periodo en que estuvo declarado no procesable. Al estar en prisión en todo momento, no hay duda de que procede abonarle ese periodo a la sentencia condenatoria dictada, según dispone claramente la Regla 182 de Procedimiento Criminal, supra. En ese sentido, no hay espacio para discutir qué implicaciones tiene para el abono en la sentencia el que una persona sumariada esté internada en una institución psiquiátrica recibiendo tratamiento médico. Eso es una discusión que, en su momento, debemos sostener, pero para la cual los hechos del presente caso no ofrecen el cuadro idóneo. Es por ello que en esta ocasión concurro con laopinión que antecede.
*796 Opinión de conformidad emitida por el
Juez Asociado Señor Estrella Martínez.
Estoy conforme con la Opinión Mayoritaria que resuelve que el periodo en que un imputado de delito se encuentra no procesable debe descontarse de la condena impuesta. Entiendo que tanto la Regla 182 de Procedimiento Criminal, infra, como el Art. 68(a) del Código Penal, infra, requieren que el tiempo que una persona hubiere permanecido privada de su libertad debe descontarse totalmente del término que debe cumplir en su sentencia.
Empero, por la importancia que reviste la norma que hoy adoptamos, procedo a abundar en torno a las consideraciones constitucionales que obligan al legislador y las razones adicionales por las que estoy conforme con la opinión que hoy emite este Tribunal.
I
En el caso ante nos, el 12 de mayo de 2014 se le encontró causa para el arresto por la infracción a un delito grave al Sr. Edwin Méndez Pérez (Méndez Pérez). Desde esa fecha, el señor Méndez Pérez fue restringido de su libertad al no poder prestar la fianza impuesta. Posteriormente, el 27 de mayo de 2014 se advirtió de la posibilidad de que el imputado no fuera procesable, por lo que se comenzó el proceso dictado por la Regla 240 de Procedimiento Criminal, 34 LPRAAp. II. Sin embargo, luego de múltiples señalamientos, no fue hasta el 13 de agosto de 2014 que el Tribunal de Primera Instancia determinó que el señor Méndez Pérez no era procesable y ordenó su traslado a una institución psiquiátrica.(1) Finalmente, el 17 de febrero de 2015 se determinó que el señor Méndez Pérez era procesable.
*797 Posterior a ello, el 26 de marzo de 2015 el Ministerio Público llegó a un acuerdo con el señor Méndez Pérez de imputar una violación por otro delito a cambio de su declaración de culpabilidad. Así las cosas, y en esa misma fecha, el Tribunal de Primera Instancia declaró culpable al peticionario y lo sentenció a seis meses de cárcel. Asimismo, el foro primario descontó de la referida sentencia el término de un mes y veinte días, a saber: del 12 de mayo de 2014 al 25 de mayo de 2014 (trece días)(2) y del 17 de febrero de 2015 hasta el 26 de marzo de 2015 (un mes y siete días).(3)
Inconforme, el señor Méndez Pérez planteó que procedía descontar todo el tiempo que estuvo restringido de libertad sin considerar si ello fue por razón de su no procesabilidad. Con tal reclamo, acudió al Tribunal de Apelaciones. Por su parte, el Ministerio Público presentó un Escrito de Cumplimiento de Orden ante el Tribunal de Apelaciones en el que se allanó a la petición del señor Méndez Pérez al sostener que “el peticionario estuvo recluido en una institución penal al menos durante seis meses antes de que se le sentenciara. Es decir, el peticionario estuvo privado de su libertad al menos seis (6) meses”.(4)
El foro apelativo intermedio no acogió el planteamiento del peticionario y optó por extender al abono de la sentencia la norma pautada en Pueblo v. Pagán Medina, 178 DPR 228 (2010), en cuanto a que no se utiliza para el cómputo de detención preventiva el tiempo que una persona no estuvo procesable. Asimismo, ese foro extendió tal determinación al momento desde que existe base razonable para creer que el acusado estaba mentalmente incapacitado, para fines de la controversia ante nos. Por lo tanto, solo modificó la sentencia del Tribunal de Primera Instancia a los efectos de abonar dos días adicionales, por entender *798 que se debía descontar desde el 12 de mayo de 2014 al 27 de mayo de 2014, fecha en la que se advirtió “base razonable” sobre la posibilidad de no procesabilidad del imputado.
En desacuerdo, el señor Méndez Pérez acudió ante este Tribunal mediante el presente recurso y una solicitud provisional de auxilio de jurisdicción. En síntesis, reiteró su reclamo de que procedía que se descontara todo el tiempo que estuvo privado de su libertad, incluyendo aquel en el que no era procesable.
Este Tribunal mediante Resolución emitida el 5 de junio de 2015 declaró “con lugar” la solicitud provisional de auxilio de jurisdicción y ordenó la excarcelación del peticionario, sujeto a ciertas condiciones.
II
De entrada debemos señalar que aunque durante el proceso reseñado el Ministerio Público se allanó a la petición del señor Méndez Pérez, ello no tornó en académica la controversia ante nuestra consideración.
Como es norma conocida, en las doctrinas que autolimitan la intervención judicial está la de academicidad. Asoc. Fotoperiodistas v. Rivera Schatz, 180 DPR 920, 932 (2011). En este sentido, un caso es académico cuando no existe una controversia real, o cuando al dictarse una sentencia, por alguna razón ésta no tendría efectos prácticos sobre la controversia existente, convirtiéndose en una opinión consultiva sobre asuntos abstractos. íd., págs. 932-933; San Gerónimo Caribe Project v. ARPe, 174 DPR 640, 652 (2008).
No obstante, la norma jurídica ha reconocido una serie de excepciones a la doctrina de la academicidad que nos permiten la consideración de un caso que, de otro modo, resultaría académico en cuanto a su resultado o efecto inmediato. PPD v. Gobernador I, 139 DPR 643, 676 (1995). Entre éstas se encuentra el hecho de que la controversia o polémica sea recurrente o susceptible de volver a ocurrir. *799 Para ello debe existir una probabilidad de recurrencia, identidad entre las partes involucradas y la probabilidad de que el asunto sea capaz de evadir la revisión judicial. Véase Asoc. Fotoperiodistas v. Rivera Schatz, supra, pág. 934, y casos allí citados.
Precisamente, en el caso ante nuestra consideración nos encontramos ante una situación capaz de repetirse nuevamente y en la que no existe una norma establecida que pueda ser aplicada de forma uniforme por los foros inferiores, por lo que nos corresponde expresarnos sobre el planteamiento sometido ante nuestra consideración, ya que aun cuando el Ministerio Público se allanó a lo peticionado, ello no fue avalado por los foros inferiores y es susceptible de volver a ocurrir. Por lo tanto resulta indispensable que este Tribunal se exprese a tales efectos de tal forma que exista una norma clara sobre cuánto se abona a la sentencia en casos de no procesabilidad. Véanse: UPR v. Laborde Torres y otros I, 180 DPR 253, 281 (2010); Asoc. Fotoperiodistas v. Rivera Schatz, supra, pág. 933. Procedemos a ello.
III
Uno de los derechos fundamentales del ser humano es el derecho a su libertad. Tan es así, que la Constitución de Puerto Rico contiene varios incisos en los que se adelanta tal propósito. Entre ellos, el que se reconozca como “derecho fundamental del ser humano el derecho a la vida, a la libertad y al disfrute de la propiedad” así como el que “ninguna persona será privada de su libertad o propiedad sin el debido proceso de ley”. Art. II, Sec. 7, Const. PR, LPRA, Tomo 1, ed. 2008, pág. 296. Igualmente, se reconoce que en los procesos criminales el acusado goza de la presunción de inocencia. Art. II, Sec. 11, Const. PR, supra, pág. 343. Como consecuencia, se garantiza que éste “tendrá derecho a quedar en libertad bajo fianza antes de mediar un fallo conde *800 natorio” y el que “la detención preventiva antes del juicio no excederá de seis meses”. íd.
Igualmente, nuestro ordenamiento constitucional y jurídico promueve la rehabilitación de las personas convictas de delito. De esta forma, nuestra Constitución consagra como principio “el tratamiento adecuado de los delincuentes para hacer posible su rehabilitación moral y social”. Art. VI, Sec. 19, Const. PR, supra, pág. 440. Véase, además, Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011 (3 LPRAAp. XVTII et seq.).
Ante tal realidad, se codifica un sistema de penas en nuestro ordenamiento jurídico y, en igual medida, se reconoce la importancia de que una persona convicta de delito no exceda la pena impuesta privada de su libertad. Es de tal envergadura este derecho que se establece que el tiempo que una persona ha estado privada de su libertad se descuenta de su sentencia.
A estos efectos, la Regla 182 de Procedimiento Criminal, 34 LPRAAp. II, dispone como sigue:
El tiempo que hubiere permanecido privada de su libertad cualquier persona acusada de cometer cualquier delito público se descontará totalmente del término que deba cumplir dicha persona de ser sentenciada por los mismos hechos por los cuales hubiera sufrido la privación de libertad. (Enfasis suplido).
Por su parte, el Art. 68(a) del Código Penal de 2012 (33 LPRA sec. 5101(a)), dispone lo siguiente:
A la persona convicta de delito se le abonarán los términos de detención o reclusión que hubiere cumplido, en la forma siguiente:
(a) El tiempo de reclusión cumplido por cualquier convicto desde su detención y hasta que la sentencia haya quedado firme, se abonará en su totalidad para el cumplimiento de la pena, cualquiera que sea ésta.
Ambas disposiciones se interpretan conjuntamente. Pueblo v. Contreras Severino, 185 DPR 646, 657 (2012). Las disposiciones transcritas son diáfanas al establecer *801 que la privación de libertad de una persona por razón de los hechos que se le imputan en la comisión de un delito se abona desde su detención hasta que recae la sentencia en su contra. Id. Véase, además, Pueblo v. Torres Rodríguez, 186 DPR 183, 195 (2012). En otras palabras, la Regla 182 de Procedimiento Criminal, supra, y el Art. 68(a) del Código Penal de 2012, supra, disponen que se le abone al convicto el tiempo que estuvo restringido de su libertad en espera de ser sentenciado por los mismos hechos por los cuales se privó de su libertad. íd.
En el caso de autos, la interrogante que suscita los hechos ante nuestra consideración es si la determinación de no procesabilidad constituye una privación de la libertad que debe ser considerada al momento de determinar cuánto se debe descontar de la sentencia a cumplir por el convicto. Para ello debemos examinar nuestras expresiones sobre la no procesabilidad y sus efectos. Veamos.
IV
El término procesabilidad se refiere a si una persona tiene la capacidad mental para enfrentarse a la naturaleza de un procedimiento criminal en su contra. Ruiz v. Alcaide, 155 DPR 492, 499 (2001). Así, la no procesabilidad de un imputado de delito resulta de la incapacidad mental de éste al momento de encarar el proceso judicial en su contra. Pueblo v. Santiago Torres, 154 DPR 291, 300 (2001); Pueblo v. Castillo Torres, 107 DPR 551, 555 (1978). La importancia de que una persona entienda la naturaleza y propósito del procedimiento criminal que enfrenta radica en que no haya una violación al debido proceso de ley por su inhabilidad de defenderse adecuadamente. Véanse: Pueblo v. Santiago Torres, supra, págs. 301-302; E.L. Chiesa Aponte, Derecho procesal penal de Puerto Rico y Estados Unidos, Colombia, Ed. Forum, 1995, Vol. III, pág. 252. Es por ello que la Regla 240 de Procedimiento Crimi *802 nal dispone que en ese instante se suspenden los procedimientos y se señala una vista para determinar el estado mental del acusado. 34 LPRA Ap. II, R. 240. En nuestro ordenamiento, “ninguna persona podrá ser juzgada, convicta o sentenciada por un delito mientras esté incapacitada”. Regla 239 de Procedimiento Criminal, 34 LPRAAp. II.
Luego de los procedimientos, si el tribunal determina que el imputado no es procesable deberá ordenar su traslado a una institución para su tratamiento. Pueblo v. Santiago Torres, supra, pág. 301. Empero, durante el trámite posterior para evaluar si el imputado es procesable, no podemos olvidar que éste permanece bajo la custodia del Estado. Pueblo v. Pagán Medina, 175 DPR 557, 573 (2009). De hecho, uno de los efectos de la determinación de improcesabilidad conforme a lo dispuesto en la Regla 240 de Procedimiento Criminal, supra, es que “el acusado permanecerá bajo la jurisdicción del tribunal”. Ruiz v. Alcaide, supra, pág. 501. Claro está, no se puede permitir una reclusión “ad infinitum”, por lo que en casos donde permanezca la incapacidad del imputado y no exista la probabilidad sustancial de que advenga a estar capaz mentalmente, “se debe liberar de la institución adecuada del Estado donde recibe tratamiento, salvo que estén presentes circunstancias fácticas que señalen que debe ser internado involuntariamente bajo dicho procedimiento de internación civil”. Ruiz v. Alcaide, supra, pág. 507.
Ahora bien, a la luz de lo expuesto este Tribunal ha resuelto cuál es el efecto de la determinación de no procesabilidad en cuanto al término de detención preventiva. En Pueblo v. Pagán Medina, supra, expresamos que el término de detención preventiva responde a un derecho constitucional arraigado en la presunción de inocencia que constituye un garante del derecho a un juicio rápido y a evitar un abuso de poder. Como consecuencia, una persona no debe estar más de seis meses detenida sin que se comience su juicio. No obstante, cuando el imputado de un delito no es *803 procesable en virtud de la Regla 240 de Procedimiento Criminal, supra, no se puede aludir a que se encuentra detenido preventivamente, pues durante su reclusión no estaba en contemplación de juicio ni en espera de que se celebrara el proceso criminal en su contra. Ruiz v. Alcaide, supra. Así las cosas, pautamos que “al computar el término máximo de detención preventiva, debe excluirse, solamente el tiempo en el que el peticionario está efectivamente recluido en una institución adecuada para su tratamiento, por or-den del tribunal”. (Énfasis nuestro). Pueblo v. Pagán Medina, supra, pág. 574. Ello, porque durante ese periodo el imputado no está sujeto a ser procesado, y por lo tanto “la privación de su libertad responde a otras razones y no está bajo detención preventiva”. (Énfasis nuestro). íd. Posteriormente, aclaramos que el tiempo que se excluirá del término de detención preventiva comenzará a contarse a partir de que exista “base razonable” para creer que el acusado se encuentra mentalmente incapacitado. Pueblo v. Pagán Medina, 178 DPR 228, 233 (2010).
Tal análisis no puede extenderse automáticamente a las circunstancias ante nuestra consideración. Como bien se expone en la Opinión Mayoritaria, ese raciocinio no responde al fundamento de la Regla 182 de Procedimiento Criminal, supra, ni del Artículo 68(a) del Código Penal, supra. Éstas encuentran su cimiento en abonar el tiempo desde que una persona fue detenida y privada de su libertad hasta que se dicte sentencia por los mismos hechos imputados, es decir, la “efectiva privación de libertad”.(5) Por lo tanto, se debe abonar el “tiempo que el peticionario estuvo privado de su libertad”.(6) Como expusimos, mientras la persona se encuentra no procesable está privada de su libertad y sujeta a la continuación del proceso penal en *804 su contra.(7) Por ello, procede descontar de la pena a una persona sentenciada el tiempo que esté privada de su libertad.
V
Ante tal conclusión, en el caso de autos se debe considerar que el señor Méndez Pérez estaba restringido de su libertad desde que se determinó causa para arresto el 12 de mayo de 2014 hasta que se dictó su sentencia el 26 de marzo de 2015.(8) Como consecuencia, no debe existir duda de que a ese momento había sido privado de su libertad en exceso de la sentencia de seis meses que le fuera impuesta.
A mi juicio, y a los fines de cuánto se debe abonar a la sentencia impuesta, carece de importancia la fecha en la que existía “base razonable” para pensar que el señor Méndez Pérez no era procesable o desde cuándo estuvo en una institución psiquiátrica por razón de su no procesabilidad como razonaron los foros recurridos. Como expusimos, lo determinante según la Regla 182 de Procedimiento Criminal, supra, y el Art. 68(a) del Código Penal, supra, es simplemente desde cuándo estuvo privado de su libertad. Ello sucede incluso en una determinación de no procesabilidad. En estos casos, el esquema discutido expone claramente que una persona no procesable está restringida de su libertad y sigue sujeta al proceso criminal. De esta forma, resulta un hecho irrefutable que el señor Méndez Pérez fue restringido de su libertad desde la determinación de causa para arresto. Por lo tanto, es incuestionable el hecho de que éste había cumplido en exceso de la sentencia impuesta y procedía su excarcelación.
*805 VI
Por lo expuesto, estoy conforme con la Opinión Mayoritaria. Ello, porque el tiempo que se abona a la sentencia dictada contra un imputado de delito incluye el que estuvo restringido de su libertad por razón de su no procesabilidad. El hecho de si estuvo o no recluido en una institución psiquiátrica en nada afecta el tiempo que debe abonarse a su sentencia ante el tajante lenguaje de la Regla 182 de Procedimiento Criminal, supra, y el Art. 68(a) del Código Civil, supra. Ambas disposiciones, establecen sin ambages que el tiempo que una persona estuviere privada de su libertad o recluido desde su detención hasta dictada la sentencia, se descontará totalmente del término que deba cumplir esa persona de ser sentenciada por los mismos hechos. Como consecuencia, el hecho de desconocer si en efecto el peticionario estuvo recluido o no en una institución psiquiátrica, en nada afecta la norma que hoy avala este Tribunal.

 El retraso en la celebración de la vista de no procesabilidad se debió a que el Departamento de Corrección y Rehabilitación no realizó los trámites para la evaluación psiquiátrica previa del imputado.

 Periodo desde que fue sumariado el señor Méndez Pérez hasta unos días antes de que se trajera a colación la posible no procesabilidad del imputado.

 Periodo que corresponde desde que fue hallado procesable nuevamente hasta que se dictó la sentencia.

 Véase Escrito en cumplimiento de orden, Apéndice, pág. 57.

 Véase Opinión mayoritaria, pág. 791.

 íd., pág. 793.

 Para los efectos de qué sucede cuando se determina que la persona imputada no es procesable permanentemente, ésta debe ser liberada o proceder a su ingreso involuntario para tratamiento, conforme lo establecido en Ruiz v. Alcaide, 155 DPR 492 (2001).

 Obviamente, continuó confinado hasta que emitimos la Resolución ordenando su excarcelación el 5 de junio de 2015.